UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23545-CIV-GOLD/McALILEY

VERADO LOPEZ,

    Petitioner,

v.

THE STATE OF FLORIDA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Verado Lopez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1], referred to me by the Honorable Alan S. Gold [DE 3]. The Court has considered the parties' written submissions and applicable law, and for the reasons set forth below, recommends that Lopez's petition be denied.

**I. BACKGROUND**

On July 5, 1994, Lopez was charged by the State of Florida with possession, and possession with intent to distribute, cocaine. [DE 1, p. 21].[1] On August 15, 1995, Lopez pled no contest to the charges, the court withheld adjudication and sentenced Lopez to credit for time served. [DE 1, p. 24-30]. Lopez did not appeal the conviction or sentence.

On July 23, 2007, Lopez filed a motion with the State trial court, to vacate his

---

[1] Page numbers refer to the pagination for the entire document, including all exhibits.

conviction pursuant to Florida Rule of Criminal Procedure 3.850. [*Id.*, p. 3]. He filed an amended motion on October 18, 2007, and a second amended motion on November 8, 2007. [*Id.* p. 18, 32]. Lopez is a Cuban national and he claimed that neither the court nor his attorney advised him, before he entered his guilty plea, that his conviction could lead to his deportation to Cuba. [*Id.*, p. 33]. The trial court denied Lopez's motion on the ground that he had suffered no prejudice, because he was subject to deportation on independent grounds. [DE1, p. 21]. Lopez appealed the denial of his motion to the Third District Court of Appeal [DE 9, p. 50], which *per curiam* and without a written opinion, affirmed the trial court's denial of the motion to vacate. *Lopez v. State*, 995 So. 2d 505, (Fla. 3d DCA 2008). The mandate issued on November 7, 2008. [DE 9, p. 77]. Lopez filed a motion for rehearing on November 14, 2008 [*id.*, p. 78], which the Third District Court of Appeal denied on December 16, 2008. [*Id.*, p. 86]. Lopez petitioned the Florida Supreme Court for review, and the petition was dismissed as untimely, and for lack of jurisdiction, on October 8, 2009. **cite**

On November 23, 2009, Lopez filed the habeas corpus petition now before this Court. Lopez asks to have his conviction vacated on the ground that his counsel failed to inform him of the deportation consequences of his guilty plea, and because the state court, in denying his appeal, misapplied federal immigration law. [DE 1].

## II. ANALYSIS

Lopez makes the following argument in support of his petition to vacate his conviction:

> I am a Cuban national. I pled guilty in 1995 to cocaine possession. At the time of the plea, I was not informed that this conviction would later bar me from adjusting my immigration status and would make me deportable. I took the plea and later when

> I tried to become legal through my Cuban nationality, I was denied solely because of the Cocaine possession on my record. In 2007, I filed a motion to vacate the conviction based on Florida Rule 3.850 since I would not have entered the plea if I had been properly advised and because due to it I am prejudiced. The 11th Circuit Court judge denied my motion stating that to be "prejudiced," the conviction was required to have subjected me to deportation. He did not feel that it had subjected me to deportation, but rather, there was a separate, independent ground which subjected me to deportation regardless of the conviction. He said the ground was that even without the conviction, I would remain in the US without legal status because I had a previous order of deportation from 1985. However, I am prejudiced because a Cuban national with an order of deportation is still allowed to adjust into legal status as long as they don't have certain crimes, like cocaine possession. Hence, but for the cocaine conviction, I could adjust my status even with an order of deportation.

[DE 1, p. 5]. Lopez did not timely file this claim, therefore his petition must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes strict time limitations on habeas corpus petitions. *See Scarlett v. Sec'y*, No. 10-11285, 2010 U.S. App. LEXIS 24961 at *14 (11th Cir. Dec. 7, 2010). Petitions filed under section 2254 are governed by the one-year filing limitation period established by section 2244(d), which provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d). Lopez claimed first in his petition, that it was timely filed under subsection (d)(1)(A), and later, in his reply, he claimed that it was timely filed under subsection (d)(1)(C). Lopez is mistaken in both instances.

Subsection (d)(1)(A) measures the start of the limitations period from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In his petition, Lopez invokes subsection (d)(1)(A) stating, "the final decision on the Motion for Rehearing was made on December 16, 2008. It has been less than one year since that decision." [DE 1, p. 15].

Lopez is mistaken in his assertion that his judgment became final when the state appellate court denied rehearing. Under Florida law, Lopez had thirty days to appeal his judgment of conviction;[2] once that period elapsed, without Lopez having filed a notice of appeal, Lopez's conviction became final for purposes of 2241(d)(1)(A). *See e.g., Kimmons v. McNeil*, No. 3:09cv170/LC/MD, 2010 U.S. Dist. LEXIS 47781 (N.D. Fla. Apr. 7, 2010) (because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) thirty days after rendition of his judgment and sentence); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction, entered upon his guilty plea, became final for purposes of section 2244 on the date his 30-day right to appeal expired); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (if a conviction and sentence are not appealed, they become final 30 days after they are entered).

Lopez did not appeal his conviction, which was entered on August 15, 1995. Accordingly,

---

[2] *See* Fla. R. App. P. 9.140(b)(3).

his conviction became final on September 15, 1995. Thus, under section 2244(d)(1)(A), Lopez had until September 15, 1996 to file his 2254 petition. However, because Lopez's conviction became final before the effective date of AEDPA, he benefits from a somewhat longer limitations period. That is because the Eleventh Circuit has directed that for petitioners whose judgments became final before the effective date of AEDPA, which was April 23, 1996, their one-year limitations period for filing habeas petitions begin to run on that date. *See Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Pruitt v. United States*, 274 F.3d 1315, 1316 (11th Cir. 2001) ("For convictions prior to the AEDPA, habeas corpus claims must be filed within one year after the date of the Act."). This court-mandated rule had the effect of extending the limitations period for Lopez until April 23, 1997. This extension, however, was not enough to save Lopez's petition, which was not filed until more than eleven years later, on November 23, 2009.

As he litigated this issue in the state courts, Lopez filed his motion to vacate his conviction under Florida Rule 3.850 which, as a general rule, requires that such motions be filed within two years of a judgment becoming final. Fla. R. Crim. P. 3.850 (b). Lopez filed his Rule 3.850 motion many years later (and well after the federal one-year limitations period had run) - on July 23, 2007 - but was permitted to do so, by the Florida Supreme Court's holding in *State v. Green*, 944 So. 2d 208 (Fla. 2006). In *Green*, the Court held that a defendant could move to withdraw a guilty plea where the defendant had not been informed of the possibility of deportation, and could do so within two years of the date of the *Green* decision. *Id.* at 219. The *Green* decision was rendered on October 26, 2006, and Lopez filed his Rule 3.850 motion within the two-year period provided by that decision.

The fact that Lopez filed his Rule 3.850 motion within the time limits established by Florida law, does not render this section 2254 petition timely under federal law. In *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001), the court explained that a state limitations period cannot extend a federal limitations period under section 2244. While a properly filed state court petition will toll section 2244's limitations period, tolling is triggered only when time remains within the one-year limitations period. *Id.* at 1333. If a petitioner seeks relief with the state court within the proper state limitations period, but after the one-year limitation for a federal habeas petition has expired, the state petition has no tolling effect, for there is nothing left to toll. *Id.* Lopez filed his Rule 3.850 petition long after the federal habeas corpus statute of limitations had run; therefore that state petition had no effect on the federal filing deadline.

As noted above, section 2244(d)(1) provides a one-year statute of limitations from the *latest* of four possible time periods. Although Lopez's petition is time-barred under the provision in (d)(1)(A), he may still seek habeas relief if his petition falls within the one-year limitations period of subsections (B), (C), or (D). And indeed, in his reply, Lopez changes his argument, and rather than relying on section 2244(d)(1)(A), argues that his petition was timely under section 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the one-year limitations period begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Lopez

argues that:

> Subsection (2) of the AEDPA applies to the case at bar. In petitioner's case, the impediment to filing an application for permanent residency created by state action has still not been removed. The one year statute of limitations begins to run when the impediment is removed. The impediment, which keeps petitioner from applying for lawful permanent residency is the State of Florida's unwillingness, in violation of the Constitution and laws of the United States, to vacate the conviction.

[DE 18, p. 3]. Lopez misapprehends the meaning of section 2244(d)(1)(B). The "application" referred to in subsection B is not *any* application, and certainly not an application for residency; this refers only to the application for federal habeas corpus relief, as is made clear by the opening language of subsection (d)(1): "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."[3] Subsection B provides additional time for a petitioner to file an application under section 2254 if the state has prevented the petitioner from seeking timely relief. The argument advanced by Lopez leads to an absurd result. Lopez suggests that the statute of limitations will begin to run for him "when the impediment is removed." Because the impediment is the very conviction he seeks to overturn in his petition, Lopez in effect argues that once this Court grants his petition and vacates his sentence, he will have one year from that date to file his section 2254 petition. Of course, such a result is

---

[3] Throughout section 2244, the term "application" is used in reference to a petition for habeas corpus. For example, section (a) begins as follows: "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person . . ."; section (b) states, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

impossible. Because Lopez has not pointed to any state action that prevented him from filing his section 2254 petition in a timely fashion, subsection (d)(1)(B) does not apply. His petition is therefore untimely, and subject to dismissal.[4]

Because Lopez's petition is time-barred under section 2244(d)(1), this Court does not address the merits of the petition, and instead, recommends dismissal based on the statute of limitations.

### III. RECOMMENDATIONS

In light of the foregoing, this Court RECOMMENDS that Lopez's petition be dismissed.

### IV. OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold no later than fourteen days from the date of this report and recommendation. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

---

[4] The government also argues that Lopez's petition should be dismissed because he is not in custody, and as a result this Court lacks jurisdiction over the petition. To the contrary, the United States Supreme Court has held that a person need not necessarily be physically confined to satisfy the "in custody" requirement of section 2254. Instead, the individual need only to be "subject to restraints 'not shared by the public generally.'" *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Being subject to a deportation order satisfies the "in custody" requirement. *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 734 (5th Cir. 2005).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 17th day of December, 2010.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Alan S. Gold
Counsel of record